IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAURA KENNEDY                                                                                          PLAINTIFF

vs.                                              Civil No. 2:21-cv-02170

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                                   DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Laura Kennedy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND RENDERED.**

**1.      Background:**

This case has been ongoing for over a decade.  Plaintiff initially filed her application for Title II benefits on May 17, 2011, alleging disability beginning on June 1, 2009.  (Tr. 10).[1]  Since that time, Plaintiff's case was remanded twice by federal courts in Arkansas.  *See Kennedy v. SSA,* 2:13-cv-02253 (W.D. Ark. Dec. 2014).  *See also Kennedy v. SSA,* 4:17-c-00580 (E.D. Ark. Oct. 2018).  With the first remand in 2014, this Court remanded Plaintiff's case because of an

---

[1]References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 16.  These references are to the page number of the transcript itself, not the ECF page number.

1

inconsistency between the VE's testimony and the job descriptions in the *Dictionary of Occupational Titles*. With the second remand in 2018, a court in the Eastern District of Arkansas found the record was not fully developed in Plaintiff's case and remanded her case for further record development.

The ALJ's most recent decision in Plaintiff's case is dated June 11, 2021. (Tr. 1254-1284). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act on September 30, 2015. (Tr. 1261, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her amended alleged onset date of June 1, 2011 through her date last insured of September 30, 2015. (Tr. 1261, Finding 2). Through her date last insured, the ALJ found Plaintiff had the following severe impairments: degenerative disk disease of the cervical spine, fibromyalgia, asthma, depression, and anxiety. (Tr. 1261, Finding 3). Despite being severe, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 1261-1264, Finding 4).

The ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 1264-1271, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she is limited to working in a controlled environment with no exposure to dust, fumes, smoke, or temperature extremes. Furthermore, she is limited to jobs involving simple tasks with no detailed or complex instructions and only incidental contact with the public.

*Id.*

The ALJ determined Plaintiff was thirty-seven (37) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008), on her date last insured. (Tr. 1271, Finding 7). As for her education, the ALJ determined Plaintiff had at least a high school education. (Tr. 1271, Finding 8). The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"); and the ALJ found that through the date last insured, Plaintiff was unable to perform any of her PRW. (Tr. 1271, Finding 6).

The ALJ then considered whether Plaintiff retained the capacity to perform other jobs existing in significant numbers in the national economy. (Tr. 1271-1273, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Specifically, the VE testified—and the ALJ determined—that through Plaintiff's date last insured, a hypothetical individual with Plaintiff's RFC and PRW retained the capacity to perform work as a fountain server (light, unskilled) with 135,105 such jobs in the national economy, movie theater attendant (light, unskilled) with 77,075 such jobs in the national economy, and office helper (light, unskilled) with 141,295 such jobs in the national economy. (Tr. 1272).

Based upon this testimony, the ALJ found Plaintiff could perform other work and was not under a disability, as defined by the Act, at any time from June 1, 2011 (amended alleged onset date) through September 30, 2015 (date last insured). (Tr. 1273, Finding 11). On October 12, 2021, Plaintiff filed her Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 21, 23. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

4

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 21. Specifically, Plaintiff claims the following: (1) the ALJ's decision is not supported by substantial evidence in the record because her due process rights were violated when the VE gave "inaccurate expert testimony which the ALJ relied upon unquestioningly"; (2) the ALJ failed that identify jobs that existing in significant numbers in the region; (3) the ALJ committed reversible error by failing to properly evaluate the medical opinion evidence; and (4) the ALJ erred by failing to resolve an apparent conflict between the VE's testimony and the DOT. *Id.* Because the Court finds the ALJ erred at Step Five of the Analysis, the Court finds this case must be reversed, and the Court will only address Plaintiff's first argument for reversal.

As recognized above, at Step Five of the Analysis, the SSA has the burden of demonstrating the claimant is able to perform "other jobs in the national economy." *See Snead v. Barnhart,* 360 F.3d 834, 836 (8th Cir. 2004). *See also* 20 C.F.R. § 404.1520(g) (2012). Here, to meet that burden, the ALJ relied upon the testimony of the VE. (Tr. 1271-1273). The VE identified three jobs

Plaintiff could perform. (Tr. 1272). The VE also identified the total number of jobs in the national economy Plaintiff retained the capacity to perform. *Id.* Upon cross-examination, the VE testified the source of those opinions: U.S. Publishing. *Id.*

In his opinion, the ALJ stated the VE's testimony was reliable—and was based upon reliable sources—and noted the following:

> Furthermore, the objection that Dr. Steele could not rely on U.S. Publishing is overruled. The vocational expert has professional knowledge and experience in job placement (see 20 CFR 404.1566(e)). Furthermore, the Commissioner may take administrative notice of reliable job information available from various governmental and other publications (see 20 CFR 404.1566(d)). No evidence, other than some indication that U.S. Publishing may not be a registered corporation in Kansas, was introduced by the claimant to show that the publication cited by the vocational expert was unreliable (see 20 CFR 404.1566(d)).

(Tr. 27).

The ALJ is indeed correct that the VE is fully permitted to rely upon the DOT. *See, e.g., Jordan v. Astrue,* 390 F. App'x 611, 611-12 (8th Cir. 2010) (recognizing the "Secretary may take administrative notice of any 'reliable job information,' including both the DOT and the Job Service Summaries"). Here, however, the VE relied upon U.S. Publishing, and the ALJ unquestionably relied upon those numbers and attempted to put the burden on *Plaintiff* to show this data was unreliable. This attempt to burden-shift is improper when the SSA has the burden at Step Five. This is especially true since the VE could not verify the information on the U.S. Publishing's website was reliable. (Tr. 1323). For example, the VE could not respond to the following question:

> Q: I'm not quite sure I understood what you said. Going back to my question is there any statistical measure that you can give to tell us what the standard error of the data that you provided today is?
>
> A: I cannot speak on their behalf. If you want to look on their website, you can.

ECF No. 16-1 at 1323. Based upon this record and the VE's failure to respond to these questions,

the Court cannot find this is "reliable job information" such that the ALJ has met the SSA's burden at Step Five. As such, this case should be reversed.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record. Further, as outlined above, and based upon the Court's review, after over ten years of administrative development, the Court cannot find a third federal remand would be necessary or beneficial. *See Fleshman v. Sullivan,* 933 F.2d 674, 676 (8th Cir. 1991) (rendering a case where "[a]ny other disposition of this case would needlessly prolong an administrative procedure that has, in large part at least because of the Administration's failings, dragged on too long already"). Thus, this Court recommends Plaintiff's case be reversed and rendered with a direction to the SSA to award DIB or Title II benefits. The SSA should calculate Plaintiff's past-due benefits from Plaintiff's amended onset date of June 11, 2011, which is prior to expiration of his insured status.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 12th day of December 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE