IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LAURA KENNEDY                                                                                       PLAINTIFF

vs.                                              Civil No. 2:21-cv-02170

COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                                   DEFENDANT

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before the Court is Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b). ECF No. 33. Defendant responded to this Motion and takes no position on the requested award of attorney's fees. ECF No. 34.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Timothy L. Brooks referred this Motion to the Court for the purpose of making a report and recommendation. In accordance with that referral, this Court enters the following report and recommendation.

1. **Background:**

On October 12, 2021, Plaintiff appealed to the Court from the Commissioner of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On January 19, 2023, Plaintiff's case was reversed and remanded to the SSA for further administrative review. ECF Nos. 28.

After that remand, Plaintiff was found disabled and awarded disability benefits. ECF No. 33. On May 21, 2024, the Agency notified Plaintiff her total backpay award and award to auxiliary beneficiary was $209,799.00. *Id.* Plaintiff had previously entered into a contingency-fee agreement with Plaintiff's attorney, in which she agreed to pay 25% of any past-due benefits awarded. *Id.* Such contingency-fee agreements are contemplated by the Social Security Act. *See* 42 U.S.C. § 406(b)(1)(A).

With this Motion, Plaintiff counsel seeks an award of $44,145.20 of attorney fees. *Id*. This Court had previously awarded fees pursuant to the Equal Access to Justice Act in the amount of $8,743.20. ECF No. 32. Upon an award of attorney's fees pursuant to this motion, Plaintiff counsel agrees refund those fees received pursuant to the Equal Access to Justice Act to Plaintiff.

**2.** **Applicable Law:**

According to the Supreme Court in *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 (2002), district courts are to give effect to plaintiffs' and their attorneys' contractual agreements and refrain from " 'depriving plaintiffs of the option of promising to pay more than the statutory fee if that is necessary to secure counsel of their choice....' " *Id.* (quoting *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990)). The *Gisbrecht* Court observed that "[i]t is ... unlikely that Congress ... intended to install a lodestar method" for courts to use in reviewing the reasonableness of contingency fee awards. *Id.* at 806. Instead, Congress meant for reviewing courts to evaluate Section 406(b) awards for "reasonableness," and in doing so, act "as an independent check, to assure that [contingent fee arrangements] yield reasonable results in particular cases." *Id.* at 807. There are three indicia of reasonableness that courts should consider: (1) the character of the representation and results achieved, (2) whether the attorney was responsible for any delay, (3) and whether the attorney-fee benefit would be large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

**3.** **Discussion:**

Pursuant to the contingency fee agreement, Plaintiff's attorney is entitled to twenty-five percent of past-due benefits. ECF No. 33-3. In this matter, Plaintiff's attorney seeks an award of amount totals $44,145.20, which is less than twenty-five percent of past-due benefits contemplated in the contingency-fee agreement Plaintiff entered into with Plaintiff's attorney. ECF No. 33.

The Court has examined Plaintiff's Motion, Brief in Support, contingency-fee agreement, and exhibits attached to the Motion. The Court is now satisfied that an award of $44,145.20 in attorney's

fees, made pursuant to 42 U.S.C. § 406(b), is reasonable due to the character of Plaintiff's representation and the positive results achieved for Plaintiff, the fact that Plaintiff's attorney was not responsible for any measurable delay in the proceedings, and the fact that the request for fees does not represent a "windfall" to in comparison to the monetary award Plaintiff received and the amount of time invested in the case.

**4.     Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff's Motion for Attorney's Fees (ECF No. 33) be **GRANTED**, and Plaintiff's attorney be awarded $44,145.20 in fees.  Further, the Court recommends Plaintiff's counsel be ordered to refund to Plaintiff the amount of $8,743.20, which was awarded under the EAJA in attorney fees on May 9, 2023.  ECF No. 32.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 17th day of April 2025.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE